Carin A. Marney, WSBA No. 25132
Theodore A. Sheffield, WSBA No 35874
LANE POWELL PC
1420 Fifth Avenue, Suite 4100
Seattle, Washington 98101-2338
Telephone: 206.223.7000
Facsimile: 206.223.7107

Attorneys for Defendants Life Care Centers of America, Inc. and Kennewick Medical Investors, LLC, d/b/a Life Care Center of Kennewick

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

| | |
|---|---|
| ESTATE OF MARGARETTE E. ECKSTEIN, by and through its Personal Representative, PATRICIA K. LUCKEY,<br><br>Plaintiff,<br><br>v.<br><br>LIFE CARE CENTERS OF AMERICA, INC., a Tennessee corporation; LIFE CARE CENTER OF KENNEWICK, a Washington Nursing Home; KENNEWICK MEDICAL INVESTORS, LLC, a Delaware corporation; JOHN DOES 1-10 inclusively, jointly and severally liable,<br><br>Defendants. | NO. CV-09-5022-LRS<br><br>DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR NEGLECT OF A VULNERABLE ADULT, CORPORATE NEGLIGENCE, AND WRONGFUL DEATH |

COME NOW Defendants Life Care Centers of America, Inc. and Kennewick Medical Investors, LLC, d/b/a Life Care Center of Kennewick (collectively referred to as "Defendants"), by and through their counsel of record, Lane Powell PC, and in answer to Plaintiff's Complaint for Neglect of a

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR NEGLECT OF A VULNERABLE ADULT, CORPORATE NEGLIGENCE, AND WRONGFUL DEATH - 1

119707.0016/1693657.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

Vulnerable Adult, Corporate Negligence, and Wrongful Death ("Complaint"), admit, deny and allege as follows:

## I. PARTIES

1.1  By way of answer to paragraph 1.1, Defendants admit the allegations therein.

1.2  By way of answer to paragraph 1.2, Defendants lack sufficient information to admit or deny the allegations and therefore deny the same.

1.3  By way of answer to paragraph 1.3, Defendants admit that Life Care Center of Kennewick is a state licensed and Medicaid/Medicare federally certified skilled nursing facility located in Benton County, Washington. Except as specifically admitted, the remaining allegations are denied.

1.4  By way of answer to paragraph 1.4, Defendants admit that Kennewick Medical Investors, LLC is the holder of the skilled nursing facility license and federal Medicaid/Medicare certifications for Life Care Center of Kennewick. Except as specifically admitted, the remaining allegations are denied.

1.5  By way of answer to paragraph 1.5, Defendants admit that Life Care Center of America, Inc. is a Tennessee corporation doing business in Washington State. Defendants further admit that Life Care Center of America, Inc. was and remains the manager of Life Care Center of Kennewick. Except as specifically admitted, the remaining allegations are denied.

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR NEGLECT OF A VULNERABLE ADULT, CORPORATE NEGLIGENCE, AND WRONGFUL DEATH - 2

119707.0016/1693657.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

## II. JURISDICTION AND VENUE

2.1     By way of answer to paragraph 2.1, Plaintiff's allegations call for a legal conclusion to which no answer is required. By way of further answer to paragraph 2.1, the documents attached as Exhibit A to the Complaint speak for themselves, and no answer is required.

2.2     By way of answer to paragraph 2.2, Plaintiff's allegations call for a legal conclusion to which no answer is required. By way of further answer to paragraph 2.2, the documents attached as Exhibit B to the Complaint speak for themselves, and no answer is required.

2.3     By way of answer to paragraph 2.3, Defendants lack sufficient information to admit or deny the allegations and therefore deny the same.

2.4     By way of answer to paragraph 2.4, Plaintiff's allegations call for a legal conclusion to which no answer is required. By way of further answer to paragraph 2.4, Plaintiff's allegations are now moot, as this matter has been removed to the United States District Court for the Eastern District of Washington.

## III. SUMMARY OF FACTS

3.1     By way of answer to paragraph 3.1, Defendants admit that on or about November 12, 2004, Margarette Eckstein ("Eckstein") was admitted to Life Care Center of Kennewick. The remaining allegations call for legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny the allegations therein.

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR NEGLECT OF A VULNERABLE ADULT, CORPORATE NEGLIGENCE, AND WRONGFUL DEATH - 3

119707.0016/1693657.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

3.2   By way of answer to paragraph 3.2, Defendants admit that Eckstein was admitted to Life Care Center of Kennewick with multiple diagnoses, in addition to the diagnoses identified in paragraph 3.2. Defendants lack sufficient information to admit or deny the remaining allegations and therefore deny the same.

3.3   By way of answer to paragraph 3.3, Defendants deny the allegations therein.

3.4   By way of answer to paragraph 3.4, Defendants lack sufficient information to admit or deny the allegations and therefore deny the same. Defendants specifically deny the allegations to the extent they allege neglect and/or negligence.

3.5   By way of answer to paragraph 3.5, Defendants lack sufficient information to admit or deny the allegations and therefore deny the same. Defendants specifically deny the allegations to the extent they allege neglect and/or negligence.

3.6   By way of answer to paragraph 3.6, Defendants lack sufficient information to admit or deny the allegations and therefore deny the same. Defendants specifically deny the allegations to the extent they allege neglect and/or negligence.

3.7   By way of answer to paragraph 3.7, Defendants deny the allegations therein.

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR
NEGLECT OF A VULNERABLE ADULT, CORPORATE
NEGLIGENCE, AND WRONGFUL DEATH - 4

119707.0016/1693657.1

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

3.8    By way of answer to paragraph 3.8, Defendants deny the allegations therein.

3.9    By way of answer to paragraph 3.9, Defendants deny the allegations therein.

3.10   By way of answer to paragraph 3.10, the Washington Sate Department of Social & Health Services (DSHS) conducts periodic surveys of skilled nursing facilities such as Life Care Center of Kennewick. These survey results speak for themselves. Except as specifically admitted, the remaining allegations are denied.

3.11   By way of answer to paragraph 3.11, Defendants admit DSHS conducted a survey, which speaks for itself. Defendants lack sufficient information to admit or deny the allegations regarding Eckstein's care after leaving Life Care and therefore deny the same. Except as specifically admitted, the remaining allegations are denied.

## IV. CAUSES OF ACTION

### A.    Neglect of a Vulnerable Adult, RCW 74.34 et seq.

4.1    By way of answer to paragraph 4.1, Defendants reassert their answers to paragraphs 3.1 through 3.11 above.

4.2    By way of answer to paragraph 4.2, to the extent these allegations call for a legal conclusion, no answer is required. To the extent an answer is deemed required, Defendants deny the allegations therein. Defendants

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR NEGLECT OF A VULNERABLE ADULT, CORPORATE NEGLIGENCE, AND WRONGFUL DEATH - 5

119707.0016/1693657.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

specifically deny the allegations to the extent they allege neglect and all remaining allegations therein.

4.3   By way of answer to paragraph 4.3, Defendants admit that Kennewick Medical Investors, LLC is the holder of the skilled nursing facility license and federal Medicaid/Medicare certifications for Life Care Center of Kennewick. To the extent these allegations call for a legal conclusion, no answer is required. To the extent an answer is deemed required, Defendants deny the allegations therein.

4.4   By way of answer to paragraph 4.4, Defendants admit that Life Care Center of America, Inc. is the manager of Life Care Center of Kennewick. To the extent these allegations call for a legal conclusion, no answer is required. To the extent an answer is deemed required, Defendants deny the allegations therein.

**B.   Corporate Negligence, RCW 7.70**

4.5   By way of answer to paragraph 4.5, Defendants reassert their answers to paragraphs 3.1 through 3.11 and 4.2 through 4.4 above.

4.6   By way of answer to paragraph 4.6, to the extent these allegations call for a legal conclusion, no answer is required. To the extent an answer is deemed required, Defendants deny the allegations therein. Defendants specifically deny allegations of negligence and/or causation and all remaining allegations therein.

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR NEGLECT OF A VULNERABLE ADULT, CORPORATE NEGLIGENCE, AND WRONGFUL DEATH - 6

119707.0016/1693657.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

4.7    By way of answer to paragraph 4.7, to the extent these allegations call for a legal conclusion, no answer is required. To the extent an answer is deemed required, Defendants deny the allegations therein. Defendants specifically deny allegations of negligence and/or causation and all remaining allegations therein.

4.8    By way of answer to paragraph 4.8, Defendants admit Life Care Centers of America, Inc. was the manager of Life Care Center of Kennewick. To the extent these allegations call for a legal conclusion, no answer is required. To the extent an answer is deemed required, Defendants deny the allegations therein. Defendants specifically deny allegations of negligence and/or causation and all remaining allegations therein.

## C.    **Wrongful Death**

4.9    By way of answer to paragraph 4.9, Defendants reassert their answers to paragraphs 3.1 through 3.11 and 4.2 through 4.8 above.

4.10    By way of answer to paragraph 4.10, Defendants deny the allegations therein.

4.11    By way of answer to paragraph 4.11, Defendants deny the allegations therein.

4.12    By way of answer to paragraph 4.12, Defendants deny the allegations therein.

4.13    By way of answer to paragraph 4.13, Defendants deny the allegations therein.

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR
NEGLECT OF A VULNERABLE ADULT, CORPORATE
NEGLIGENCE, AND WRONGFUL DEATH - 7

119707.0016/1693657.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

## V. LIMITED PHYSICIAN/PATIENT WAIVER

5.1 By way of answer to paragraph 5.1, this paragraph does not contain any allegations that require a response.

## VI. PRAYER FOR RELIEF

By way of answer to Plaintiff's prayer for relief, Defendants deny that Plaintiff is entitled to any relief whatsoever, including, but not limited to, the relief requested by Plaintiff in paragraphs 1-6 of the prayer for relief.

## AFFIRMATIVE DEFENSES

Discovery and investigation may reveal that one or more of the following affirmative defenses should be available to Defendants in this matter. Defendants assert said affirmative defenses in order to preserve the right to assert them. Upon completion of discovery, and if the facts warrant, Defendants may withdraw any of these defenses as may be appropriate. Further, Defendants reserve the right to amend this Answer to assert additional defenses as discovery proceeds. Thus, by way of further answering, Defendants allege their affirmative defenses as follows:

1. Plaintiff has failed to state a claim upon which relief may be granted.

2. Plaintiff's Complaint fails to state a cause of action against each and every defendant.

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR NEGLECT OF A VULNERABLE ADULT, CORPORATE NEGLIGENCE, AND WRONGFUL DEATH - 8

119707.0016/1693657.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

3. Plaintiff's claims against each and every Defendant are subject to a Voluntary Agreement for Arbitration, which is attached hereto as Exhibit 1. Thus, this case should be stayed and the case compelled to arbitration.

4. Plaintiff's claims are barred in part or in whole by the applicable statute of limitations.

5. Plaintiff's damages, if any, were proximately caused by the fault of others, beyond the direction, supervision or control of Defendants.

6. Plaintiff's alleged damages were proximately caused by a prior injury, incident, condition, or event beyond the direction, supervision or control of Defendants.

7. Plaintiff's damages, if any, were proximately caused by unavoidable consequences, acts or omissions beyond the direction, supervision or control of Defendants.

8. To the extent Plaintiff suffered damages, recovery must be reduced and/or barred by Plaintiff's failure to mitigate said damages.

9. Eckstein's injuries, if any, were the direct and proximate result of her own negligence and/or intentional conduct, which negligence, intent and/or conduct will serve to defeat or reduce recovery at trial in this matter.

10. Defendants reserve the right to amend this Answer and assert additional affirmative defenses pending further discovery.

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR
NEGLECT OF A VULNERABLE ADULT, CORPORATE
NEGLIGENCE, AND WRONGFUL DEATH - 9
119707.0016/1693657.1

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

WHEREFORE, having fully answered Plaintiff's Complaint and asserted affirmative defenses, and having reserved their right to assert additional affirmative defenses as discovery warrants, Defendants pray for relief as follows:

1. That the Court enter an Order staying this case and compel arbitration consistent with the parties' Voluntary Agreement to Arbitrate;

2. That this case be dismissed with prejudice;

3. That Defendants be awarded their costs in defending this matter including a sum for reasonable attorneys' fees; and

4. That this Court grant such other relief as it may deem equitable and appropriate.

DATED: March 27, 2009

LANE POWELL PC

By /s/ Carin A. Marney
    Carin A. Marney, WSBA No. 25132
    Theodore A. Sheffield, WSBA No. 35874
    Attorneys for Defendants Life Care Centers of America, Inc. and Kennewick Medical Investors LLC, d/b/a Life Care Center of Kennewick

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR NEGLECT OF A VULNERABLE ADULT, CORPORATE NEGLIGENCE, AND WRONGFUL DEATH - 10

119707.0016/1694943.1

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

## CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2009, I caused to be served a copy of the foregoing **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR NEGLECT OF A VULNERABLE ADULT, CORPORATE NEGLIGENCE, AND WRONGFUL DEATH** on the following person in the manner indicated below at the following address:

| | |
|---|---|
| Mr. Jeff B. Crollard<br>Crollard Kahn PC<br>200 - 2nd Avenue W<br>Seattle, WA 98118-4204 | ☐ by **CM/ECF**<br>☑ by **Electronic Mail**<br>☐ by **Facsimile Transmission**<br>☐ by **First Class Mail**<br>☐ by **Hand Delivery**<br>☐ by **Overnight Delivery** |

*/s/ Patricia King*
Patricia King

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR NEGLECT OF A VULNERABLE ADULT, CORPORATE NEGLIGENCE, AND WRONGFUL DEATH - 11

119707.0016/1694943.1

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

Washington

# VOLUNTARY AGREEMENT FOR ARBITRATION

## *PLEASE READ CAREFULLY*

*Under Washington law two or more parties may agree in writing for the settlement by arbitration of any dispute arising between them. The following is an agreement to arbitrate any dispute that might arise between the Resident and the Facility and/or Life Care Centers of America.*

### I.   EXPLANATION

Arbitration is a method of resolving disputes without the substantial time and expense of using the judicial system. An arbitration hearing takes only weeks or months to schedule, while civil litigation generally takes years to complete. By avoiding the judicial system, many costs are eliminated. There are charges and fees involved in arbitration, but an arbitration hearing will almost always resolve a dispute sooner and at less cost than a trial. It is important to understand, however, that there is only a limited right to appeal an arbitration award. Unless there is evidence of fraud on the part of the arbitrator(s) or a serious procedural defect, an arbitration award will be final. Of course, the Facility also agrees to be bound by the arbitrators' decision. The following arbitration agreement is optional. By signing it, you will give up your constitutional right to a jury or court trial and you agree that any dispute between you and the facility will be subject to arbitration.

### II.   AGREEMENT

The following is an agreement (the "Arbitration Agreement") to arbitrate any dispute that might arise between Margarette E. Eckstein (the "Resident") and LCC Kennewick (the "Facility"). ("Facility" includes the particular facility where the Resident resides and Life Care Centers of America, Inc.) In consideration of the benefits of the use of arbitration in the efficient resolution of conflicts and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by all parties hereto, intending to be legally bound, the parties hereby agree as follows:

The parties agree that they shall submit to binding arbitration all disputes against each other and their agents, partners, officers, directors, shareholders, owners, employees, representatives, members, fiduciaries, governing bodies, subsidiaries, parent companies, affiliates, insurers, attorneys, predecessors, successors and assigns, or any of them, and all persons, entities or corporations with whom any of the former have been, are now or may be affiliated, arising out of or in any way related or connected to the Resident's stay and care provided at the Facility, including but not limited to any disputes concerning alleged personal injury to the Resident caused by improper or inadequate care, including allegations of medical malpractice; any disputes concerning whether any statutory provisions relating to the Resident's rights under Washington law were violated; and any other dispute under Washington or federal law based on contract, tort, or statute.

An arbitration hearing arising under this Arbitration Agreement shall be held in the county where the Facility is located before a board of three arbitrators, selected from the American Arbitration Association ("AAA"); one chosen by each side in the dispute with the third to be chosen by the two arbitrators previously chosen. In conducting the hearing and all other proceedings relative to the arbitration of the claim(s), the arbitrators shall apply the applicable rules of procedure of the AAA. If there is a conflict between the procedural rules of the AAA and a mandatory provision of Washington law governing arbitration, the state law provision shall apply. In rendering a decision on the merits of the claims, the arbitrators shall apply the substantive law of Washington.

Each party may be represented by counsel in connection with all arbitration proceedings and each party agrees to bear their own attorney fees and costs. Payment of any other awards, fees and costs associated with these arbitration proceedings shall be determined by the panel of arbitrators.

-1-



EXHIBIT 1

All claims based in whole or in part on the same incident, transaction, or related course of care or services provided by the Facility to the Resident, shall be arbitrated in one proceeding. A claim shall be waived and *forever barred* if it arose prior to the date upon which notice of arbitration is given to the Facility or received by the Resident, and is not presented in the arbitration proceeding.

It is the intention of the Facility and the Resident that this Arbitration Agreement shall inure to the benefit of and bind the Facility, its agents, partners, officers, directors, shareholders, owners, employees, representatives, members, fiduciaries, governing bodies, subsidiaries, parent companies, affiliates, insurers, attorneys, predecessors, successors and assigns, or any of them, and all persons, entities or corporations with whom any of the former have been, are now or may be affiliated; and the Resident, his/her successors, assigns, agents, insurers, heirs, trustees, and representatives, including the personal representative or executor of his or her estate; and his/her successors, assigns, agents, insurers, heirs, trustees, and representatives.

Judgment on the award rendered by the arbitrators may be entered in any court having jurisdiction thereof.

## III.  ACKNOWLEDGEMENTS

The execution of this Arbitration Agreement is voluntary and is not a precondition to receiving medical treatment at or for admission to the Facility.

The Resident and/or Legal Representative understands that he/she has the right to consult with an attorney of his/her choice, prior to signing this Arbitration Agreement.

The Resident and/or Legal Representative understands, agrees to, and has received a copy of this Arbitration Agreement, and acknowledges that the terms have been explained to him/her, or his/her designee, by an agent of the Facility, and that he/she has had an opportunity to ask questions about this Arbitration Agreement.

Each party agrees to waive the right to a trial, before a judge or jury, for all disputes, including those at law or in equity, subject to binding arbitration under this Arbitration Agreement.

The Resident and/or Legal Representative understands that this Arbitration Agreement may be rescinded by giving written notice to the Facility within 10 days of its execution. If not rescinded within 10 days of its execution, this Arbitration Agreement shall remain in effect for all claims arising out of the Resident's stay at the Facility. If the acts underlying the dispute are committed prior to the revocation date, this Arbitration Agreement shall be binding with respect to said acts.

In the event that any portion of the Arbitration Agreement is determined to be invalid or unenforceable, the remainder of this Arbitration Agreement will be deemed to continue to be binding upon the parties hereto in the same manner as if the invalid or unenforceable provision were not a part of the Arbitration Agreement.

**THE UNDERSIGNED ACKNOWLEDGE THAT EACH OF THEM HAS READ THIS ARBITRATION AGREEMENT AND UNDERSTANDS THAT BY SIGNING THIS ARBITRATION AGREEMENT EACH HAS WAIVED HIS/HER RIGHT TO A TRIAL, BEFORE A JUDGE OR JURY, AND THAT EACH OF THEM VOLUNTARILY CONSENTS TO ALL OF THE TERMS OF THE ARBITRATION AGREEMENT.**

_____          _[signature]_ 11/12/04
Signature of Resident/Date                          Signature of Facility Representative/Date

_[signature]_ 11-12-04
Signature of Legal Representative/Date

-2-