DURABLE POWER OF ATTORNEY
OF
MARGARETTE ECKSTEIN
* * * * * * * * * * *

THE UNDERSIGNED, individual, domiciled and residing in the State of Washington, as authorized by RCW 11.94 designates the following named person as attorney in fact to act for undersigned as the principal.

GENE D. KINSEY is designated as attorney in fact for the principal.

POWERS: The attorney in fact, as fiduciary, shall have all powers of an absolute owner over the assets and liabilities of the principal, whether located within or without the State of Washington, including (but not limited to) the power to make deposits to, and payments from, any account in a financial institution, and to exchange, sell or transfer any stock, bond or other security owned by the principal. In so acting, the attorney in fact shall in principal's name, place and stead and for principal's use and benefit have the power and authority to ask, demand, sue for, recover, collect and receive all such sums of money, debts, dues, accounts, legacies, bequests, interests, dividends, annuities and demands whatsoever, as are now or shall hereafter become due, owing, payable or belonging to the principal and have, use and take all lawful ways and means in principal's name, or otherwise, for the recovery thereof, by attachments, arrest, distress or otherwise, and to compromise and agree for the same, and to make, sign, seal and deliver acquittances, or other sufficient discharges for the same; for the principal and in principal's name, to bargain, contract, agree for, purchase, receive and take lands, tenements, hereditaments, and accept the seizin and possession of all lands, and all deeds, and other assurances in the law therefor; and to lease, let, demise, bargain, sell, release,

EXHIBIT A

P. 4

convey, mortgage and hypothecate lands, tenements and hereditaments, upon such terms and conditions and under such covenants as said attorney in fact shall think fit; to assign and transfer any note or mortgage; to dedicate any street, avenue, alley, place, way or park for public uses. Also to bargain and agree for, buy, sell, mortgage, hypothecate, and in any and every way and manner deal in and with goods, wares and merchandise, choses in action and other property, in possession or in action, and to release mortgages on lands or chattels, and to make, do and transact all and every kind of business of what nature and kind soever. And also for principal and in principal's name, and as principal's act and deed, to sign, seal, execute, deliver and acknowledge such deeds, leases and assignments of leases, covenants, indentures, agreements, mortgages, hypothecations, bills of lading, bills, bonds, notes, receipts, evidences of debt, releases and satisfactions of mortgage, judgment and other debts, and such other instruments in writing, of whatsoever kind or nature, as may be necessary or proper in the premises. The attorney in fact shall not have the power to revoke or change any estate planning or testamentary documents previously executed by principal, or to make any gifts of principal property.

MEDICAL CARE: The attorney in fact shall have the authority to provide informed consent for health care decisions on the principal's behalf. This authorization is subject to the same limitations as those that apply to a guardian under RCW 11.92.043 (4) and (5), as amended. Said attorney in fact shall have the authority to inspect and review any and all of my medical records and files, and shall be authorized to converse with any medical personnel including physicians concerning my condition, treatment and care.

PURPOSES: The attorney in fact shall have all powers as are necessary or desirable to provide for the support, maintenance,

p. 5

health, emergencies and urgent necessities of the undersigned and to make funeral arrangements after my demise.

EFFECTIVENESS: This power of attorney shall not be affected by the disability or incompetency of the principal.

DURATION: The durable power of attorney becomes effective forthwith and shall remain in effect to the extent permitted by RCW 11.94 or until revoked or terminated as hereinafter set forth, notwithstanding any uncertainty as to whether the undersigned is dead or alive.

REVOCATION: This power of attorney may be revoked suspended or terminated in writing by principal with written notice to the designated attorney in fact and by recording the written instrument of revocation in the office of the auditor of Benton County, Washington.

TERMINATION: The appointment of a guardian of the estate of the principal vests in the guardian with court approval, the power to revoke, suspend or terminate this power of attorney. The appointment of a guardian of the person only does not empower the guardian to revoke, suspend or terminate this power of attorney.

The death of the principal shall be deemed to revoke this power of attorney, but only after a personal representative of the estate of the principal has been appointed by a court of competent jurisdiction and upon actual notice of such appointment and qualification having been given to the attorney in fact.

ACCOUNTING: The attorney in fact shall be required to account to any subsequently appointed personal representative.

RELIANCE: The designated and acting attorney in fact and all persons dealing with the attorney in fact shall be entitled to rely upon this power of attorney so long as neither the attorney in fact nor any person with whom he is dealing at the time of any act pursuant to this power of attorney had received actual knowledge or actual notice of any revocation, suspension or termination of the

p. 6

power of attorney. Any actions so taken, unless otherwise invalid or unenforceable, shall be binding on the heirs, devisees, legatees or personal representatives of the principal.

INDEMNITY: The estate of the principal shall hold harmless and indemnify the attorney in fact from all liability for acts done in good faith and not in fraud of the principal.

APPLICABLE LAW: The laws of the State of Washington shall govern this power of attorney.

EXECUTION: This power of attorney is signed in duplicate on the _2_ day of _Dec_, 1999, to become effective forthwith.

*Margarette Eckstein*
Margarette Eckstein

Domiciled and residing at
4904 W. Canal Drive
Kennewick, WA 99336


STATE OF WASHINGTON )
                    : ss.
COUNTY OF FRANKLIN  )

This is to certify that on the 2nd day of December, 1999, before me, the undersigned Notary Public, personally appeared MARGARETTE ECKSTEIN, who executed the foregoing Durable Power of Attorney and acknowledged to me that she signed and sealed the same as her free and voluntary act and deed, for the uses and purposes therein mentioned.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal the day and year first above written.

*Candace M Clare*
Notary Public in and for the State
of Washington, residing at
PASCO

- 4 -

p. 7

Washington

# VOLUNTARY AGREEMENT FOR ARBITRATION

## *PLEASE READ CAREFULLY*

*Under Washington law two or more parties may agree in writing for the settlement by arbitration of any dispute arising between them. The following is an agreement to arbitrate any dispute that might arise between the Resident and the Facility and/or Life Care Centers of America.*

I. **EXPLANATION**

Arbitration is a method of resolving disputes without the substantial time and expense of using the judicial system. An arbitration hearing takes only weeks or months to schedule, while civil litigation generally takes years to complete. By avoiding the judicial system, many costs are eliminated. There are charges and fees involved in arbitration, but an arbitration hearing will almost always resolve a dispute sooner and at less cost than a trial. It is important to understand, however, that there is only a limited right to appeal an arbitration award. Unless there is evidence of fraud on the part of the arbitrator(s) or a serious procedural defect, an arbitration award will be final. Of course, the Facility also agrees to be bound by the arbitrators' decision. The following arbitration agreement is optional. By signing it, you will give up your constitutional right to a jury or court trial and you agree that any dispute between you and the facility will be subject to arbitration.

II. **AGREEMENT**

The following is an agreement (the "Arbitration Agreement") to arbitrate any dispute that might arise between Margarette E. Eckstein (the "Resident") and LCC Kennewick (the "Facility"). ("Facility" includes the particular facility where the Resident resides and Life Care Centers of America, Inc.) In consideration of the benefits of the use of arbitration in the efficient resolution of conflicts and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by all parties hereto, intending to be legally bound, the parties hereby agree as follows:

The parties agree that they shall submit to binding arbitration all disputes against each other and their agents, partners, officers, directors, shareholders, owners, employees, representatives, members, fiduciaries, governing bodies, subsidiaries, parent companies, affiliates, insurers, attorneys, predecessors, successors and assigns, or any of them, and all persons, entities or corporations with whom any of the former have been, are now or may be affiliated, arising out of or in any way related or connected to the Resident's stay and care provided at the Facility, including but not limited to any disputes concerning alleged personal injury to the Resident caused by improper or inadequate care, including allegations of medical malpractice; any disputes concerning whether any statutory provisions relating to the Resident's rights under Washington law were violated; and any other dispute under Washington or federal law based on contract, tort, or statute.

An arbitration hearing arising under this Arbitration Agreement shall be held in the county where the Facility is located before a board of three arbitrators, selected from the American Arbitration Association ("AAA"); one chosen by each side in the dispute with the third to be chosen by the two arbitrators previously chosen. In conducting the hearing and all other proceedings relative to the arbitration of the claim(s), the arbitrators shall apply the applicable rules of procedure of the AAA. If there is a conflict between the procedural rules of the AAA and a mandatory provision of Washington law governing arbitration, the state law provision shall apply. In rendering a decision on the merits of the claims, the arbitrators shall apply the substantive law of Washington.

Each party may be represented by counsel in connection with all arbitration proceedings and each party agrees to bear their own attorney fees and costs. Payment of any other awards, fees and costs associated with these arbitration proceedings shall be determined by the panel of arbitrators.

p. 8

**EXHIBIT B**

All claims based in whole or in part on the same incident, transaction, or related course of care or services provided by the Facility to the Resident, shall be arbitrated in one proceeding. A claim shall be waived and *forever barred* if it arose prior to the date upon which notice of arbitration is given to the Facility or received by the Resident, and is not presented in the arbitration proceeding.

It is the intention of the Facility and the Resident that this Arbitration Agreement shall inure to the benefit of and bind the Facility, its agents, partners, officers, directors, shareholders, owners, employees, representatives, members, fiduciaries, governing bodies, subsidiaries, parent companies, affiliates, insurers, attorneys, predecessors, successors and assigns, or any of them, and all persons, entities or corporations with whom any of the former have been, are now or may be affiliated; and the Resident, his/her successors, assigns, agents, insurers, heirs, trustees, and representatives, including the personal representative or executor of his or her estate; and his/her successors, assigns, agents, insurers, heirs, trustees, and representatives.

Judgment on the award rendered by the arbitrators may be entered in any court having jurisdiction thereof.

### III.   ACKNOWLEDGEMENTS

The execution of this Arbitration Agreement is voluntary and is not a precondition to receiving medical treatment at or for admission to the Facility.

The Resident and/or Legal Representative understands that he/she has the right to consult with an attorney of his/her choice, prior to signing this Arbitration Agreement.

The Resident and/or Legal Representative understands, agrees to, and has received a copy of this Arbitration Agreement, and acknowledges that the terms have been explained to him/her, or his/her designee, by an agent of the Facility, and that he/she has had an opportunity to ask questions about this Arbitration Agreement.

Each party agrees to waive the right to a trial, before a judge or jury, for all disputes, including those at law or in equity, subject to binding arbitration under this Arbitration Agreement.

The Resident and/or Legal Representative understands that this Arbitration Agreement may be rescinded by giving written notice to the Facility within 10 days of its execution. If not rescinded within 10 days of its execution, this Arbitration Agreement shall remain in effect for all claims arising out of the Resident's stay at the Facility. If the acts underlying the dispute are committed prior to the revocation date, this Arbitration Agreement shall be binding with respect to said acts.

In the event that any portion of the Arbitration Agreement is determined to be invalid or unenforceable, the remainder of this Arbitration Agreement will be deemed to continue to be binding upon the parties hereto in the same manner as if the invalid or unenforceable provision were not a part of the Arbitration Agreement.

**THE UNDERSIGNED ACKNOWLEDGE THAT EACH OF THEM HAS READ THIS ARBITRATION AGREEMENT AND UNDERSTANDS THAT BY SIGNING THIS ARBITRATION AGREEMENT EACH HAS WAIVED HIS/HER RIGHT TO A TRIAL, BEFORE A JUDGE OR JURY, AND THAT EACH OF THEM VOLUNTARILY CONSENTS TO ALL OF THE TERMS OF THE ARBITRATION AGREEMENT.**

_____           _[signature]_  11/12/04
Signature of Resident/Date                 Signature of Facility Representative/Date

_[signature]_  11-12-04
Signature of Legal Representative/Date

-2-

p. 9