Carin A. Marney, WSBA No. 25132
Theodore A. Sheffield, WSBA No 35874
LANE POWELL PC
1420 Fifth Avenue, Suite 4100
Seattle, Washington 98101-2338
Telephone: 206.223.7000
Facsimile: 206.223.7107

Attorneys for Defendants Life Care
Centers of America, Inc. and Kennewick
Medical Investors, LLC, d/b/a Life Care
Center of Kennewick

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

| | |
|---|---|
| ESTATE OF MARGARETTE E. ECKSTEIN, by and through its Personal Representative, PATRICIA K. LUCKEY,<br><br>Plaintiff,<br><br>v.<br><br>LIFE CARE CENTERS OF AMERICA, INC., a Tennessee corporation; LIFE CARE CENTER OF KENNEWICK, a Washington Nursing Home; KENNEWICK MEDICAL INVESTORS, LLC, a Delaware corporation; JOHN DOES 1-10 inclusively, jointly and severally liable,<br><br>Defendants. | NO. CV-09-5022-LRS<br><br>DEFENDANTS' REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS |

## I. INTRODUCTION

Plaintiff's response to this Motion to Compel Arbitration and Stay Proceedings provides several *post hoc* excuses for circumventing the clear terms of the parties' arbitration agreement (the "Agreement"), but Plaintiff cannot avoid – and has not even attempted to rebut – the indisputable facts that: (1)

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO COMPEL
ARBITRATION AND STAY PROCEEDINGS- 1
NO. CV-09-5022-LRS

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

119707.0016/1710218.1

Gene Kinsey knowingly executed the Agreement on Margarette Eckstein's behalf on November, 12, 2004; (2) at the time of execution, Gene Kinsey served as Margarette Eckstein's attorney-in-fact; (3) Gene Kinsey was not induced by fraud or duress; (4) there is no evidence whatsoever that Gene Kinsey did not understand any of the terms of the Agreement or their effect; (5) the Plaintiff's claims fall squarely within the Agreement; and (6) the Agreement, on its face, requires Plaintiff's claims to be submitted to binding arbitration. Based upon these facts alone, Defendants' motion should be granted and the Court should compel Plaintiff's claims to be submitted to arbitration.

Plaintiff's arguments to the contrary all fail for separate reasons, and collectively, are little more than an effort to distract the Court from the clear terms of the Agreement. First, the fact that AAA no longer hears these types of disputes does not render the Agreement invalid. Another arbitrator may be easily substituted, and the designation of AAA in the Agreement was not a material term. Second, the argument that Plaintiff supposedly cannot afford arbitration ignores the fact that liability for arbitration fees and costs is entirely speculative at this point, and, in any event, an issue reserved for the arbitrators. Third, the argument that the Agreement does not bind Plaintiff directly conflicts with the Agreement's explicit statement that it is binding on the representative of Margarette Eckstein's estate. Finally, the assertion that the Agreement denies Plaintiff the availability of attorneys' fees otherwise available under RCW 74.34.200 is illusory; such fees would still be available to pursue if Plaintiff prevails on the vulnerable adult claim in arbitration. Simply put, Plaintiff has presented no good reason to justify setting aside the terms of this valid and enforceable contract.

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO COMPEL
ARBITRATION AND STAY PROCEEDINGS- 2
NO.  CV-09-5022-LRS

119707.0016/1710218.1

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

## II. LEGAL ARGUMENT

A. <u>Gene Kinsey Knowingly and Voluntarily Executed an Arbitration Agreement that Covers Plaintiff's Claims.</u>

Plaintiff admits that arbitration agreements are as enforceable as other contracts, and, significantly, does not even attempt to rebut the legal precedent that where a contractual right to arbitration exists, the court is bound to enforce it. *See Dean Witter Reynolds v. Byrd*, 470 U.S. 213, 218, 105 S.Ct. 1238 (1985) (the Federal Arbitration Act "leaves no place for the exercise of discretion by a district court, but instead **mandates that district courts *shall* direct the parties to proceed to arbitration** on issues as to which an arbitration agreement has been signed") (emphasis added); RCW 7.04A.070(1) ("Unless the court finds that there is no enforceable agreement to arbitrate, it shall order the parties to arbitrate").

Accordingly, here, the only real questions are whether a legal agreement to arbitrate exists, and if so, whether its scope encompasses Plaintiff's claims. Both questions must be answered in the affirmative. Plaintiff does not dispute that Gene Kinsey knowingly and voluntarily executed the Agreement on his mother's behalf and as her attorney-in-fact on November, 12, 2004.[1] Plaintiff also does not dispute that all three of the asserted causes of action in this lawsuit fit squarely within the scope of the Agreement, which applies to claims based on "contract, tort, or statute" that are "arising out of or in any way related or connected to the Resident's stay and care provided at the Facility." Based upon

---

[1] Tellingly, Plaintiff has not submitted a declaration from Gene Kinsey contesting the enforceability of the Agreement. In fact, Plaintiff has presented no evidence whatsoever of any fraud, duress, irregularity or unfairness in the contracting process.

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO COMPEL
ARBITRATION AND STAY PROCEEDINGS- 3
NO. CV-09-5022-LRS

119707.0016/1710218.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

these facts alone, which Plaintiff has not and cannot dispute, the Court should compel arbitration of this lawsuit.

B. <u>The Unavailability of AAA to Hear the Case Does Not Void the Agreement</u>.

Plaintiff attempts to avoid the consequences of the Agreement by focusing on a provision stating that the American Arbitration Association ("AAA") shall hear this dispute. According to Plaintiff, because AAA is no longer hearing health care disputes under pre-dispute arbitration agreements, the entire Agreement should be held unenforceable. This issue is a red herring. Plaintiff entirely ignores the provisions of the Federal Arbitration Act (FAA) and Washington Uniform Arbitration Act (WAA) cited by Defendants in their motion, which clearly explain that the substitution of arbitrators is permitted, and may be necessary to enforce arbitration. For example, 9 U.S.C. § 5 provides:

> If in the agreement provision be made for a method of naming or appointing an arbitrator or arbitrators or an umpire, such method shall be followed; but if no method be provided therein, or if a method be provided and any party thereto shall fail to avail himself of such method, or in filling a vacancy, then upon the application of either party to the controversy **the court shall designate and appoint an arbitrator or arbitrators or umpire, as the case may require, who shall act under the said agreement with the same force and effect as if he or they had been specifically named therein**; and unless otherwise provided in the agreement the arbitration shall be by a single arbitrator.

(Emphasis added). RCW 7.04A.110 similarly provides that "**if the agreed method fails, or an arbitrator appointed fails or is unable to act and a successor has not been appointed, the court . . . shall appoint the arbitrator**." (Emphasis added). An alternate forum will therefore need to be appointed by the Court, but this does not justify refusing to enforce the Agreement.

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO COMPEL
ARBITRATION AND STAY PROCEEDINGS- 4
NO. CV-09-5022-LRS

119707.0016/1710218.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

Moreover, on a contractual level, there is no evidence that the designation of AAA as arbitrator was a material term, specifically negotiated, or relied upon by the parties.[2] *See Owens v. National Health Corp.*, 263 S.W. 3d 876, 886 (Tenn. 2007) (finding the arbitration agreement enforceable even in the absence of the specified forums because "there is simply no factual basis for plaintiff's assertion that the specification of the two organizations was so material to the contract that it must fail if they are unavailable").[3] Instead, the Agreement includes a clear severability clause that provides that "[i]n the event that any portion of the Arbitration Agreement is determined to be invalid or unenforceable, **the remainder of this Arbitration Agreement will be deemed to continue to be binding**." *See* Exhibit B to Moffat Decl. (emphasis added). Thus, here, the unavailability of AAA to hear this case does not render the Agreement unenforceable.

C.  The Cost of Arbitration Does Not Render the Agreement Unconscionable.

Plaintiff's unconscionability argument regarding the cost of arbitration is equally flawed. While Plaintiff argues that the cost of arbitration would be prohibitively expensive and would preclude Plaintiff from bringing her claims, this argument is entirely speculative at this juncture. Courts have explained that when "a party seeks to invalidate an arbitration agreement on the ground that arbitration would be prohibitively expensive, that party bears the **burden of showing the likelihood of incurring such costs**." *Mendez v. Palm Harbor*

---

[2] Again, the absence of a declaration from Gene Kinsey on this issue speaks volumes. Plaintiff has presented no evidence or argument why AAA would even be preferable to another arbitration venue.

[3] Plaintiff relies upon *Magnolia Healthcare v. Barnes*, 994 So.2d 159 (Miss 2008) to argue otherwise, but to no avail. The brevity of the *Barnes* opinion makes it impossible to conclude how significant that forum selection provision was in that Agreement.

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO COMPEL
ARBITRATION AND STAY PROCEEDINGS- 5
NO. CV-09-5022-LRS

119707.0016/1710218.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

*Homes, Inc.*, 111 Wn. App. 446, 462, 45 P.3d 594 (2002) (quoting *Green Tree Financial Corp.-Alabama v. Randolph*, 531 U.S. 79, 92 (2000) (emphasis added)).

Here, Plaintiff has attempted to make a showing only of her modest financial resources; she has not made any showing whatsoever of the "likelihood of incurring" the costs of arbitration. In fact, Plaintiff cannot do so because the Agreement provides that this issue is reserved for the arbitrators, stating: "Payment of any other awards, fees and costs associated with these arbitration proceedings shall be determined by the panel of arbitrators." *See* Exhibit A to Moffat Declaration. There is no strict requirement that the fees be split evenly, or for that matter, that Plaintiff necessarily incur any arbitration fess at all.

Thus, it is impossible for Plaintiff to predict what portion of the fees, if any, she will ultimately be responsible for. This distinguishes Plaintiff's situation from that in *Mendez*, were the plaintiff presented the court with *prima facie* proof of his liability for arbitration fees. *Id*. at 465. In contrast, Plaintiff's liability for such fees and costs is entirely speculative, and hardly sufficient to establish unconscionability.[4]

On a more basic level, Plaintiff's assertion that her inability to afford arbitration renders the entire Agreement unenforceable conflicts with the general

---

[4] Plaintiff's alternative suggestion that this Court re-write the terms of the Agreement to require Defendants to pay the entire cost of arbitration and to limit the arbitration panel to one arbitrator is equally unfounded. As the Agreement provides, the issue of arbitration fees and costs is for the arbitrators, and is premature and inappropriate for this Court to consider. Indeed, in a recent opinion from the Western District, the court held that whether an arbitration agreement's "exception for indigent residents" or general "fee-splitting provision" should apply "is a question for the arbitrator." *Olson v. Alterra Healthcare Corp*., No. C08-5506FDB, 2008 WL 4379056, at *1 (W.D.Wash. Sept. 23, 2008).

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO COMPEL
ARBITRATION AND STAY PROCEEDINGS- 6
NO.  CV-09-5022-LRS

119707.0016/1710218.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

concept of unconscionability. Courts have explained that a contract is unconscionable when it is either substantively unconscionable – *i.e.* "one-sided or overly harsh" – or procedurally unconscionable – *i.e.* "an irregularity taints the process of contract formation." *Id.* at 459. Here, neither such form of unconscionability is present. Plaintiff's *post hoc* determination that the cost of arbitration appears excessive does not render the Agreement "one-sided" or "overly harsh." Nor is there any evidence to suggest that "an irregularity taints the process" of the Agreement's formation. An after the fact change in one's circumstances does not render the Agreement unconscionable.

D. <u>The Agreement Binds the Plaintiff in this Action</u>.

Plaintiff also argues that the Agreement is not binding because the signatory, Gene Kinsey, only had authority to bind his mother, Margarette Eckstein, and not the Plaintiff in this action, her estate, or the statutory beneficiaries of the wrongful death claim. This argument, however, ignores the clear language of the Agreement, the Durable Power of Attorney document, and the practicalities of arbitration agreements in the long term care context.

The Agreement clearly provides that:

> It is the intention of the . . . Resident that this Arbitration Agreement shall insure to the benefit of and bind . . . his/her successors, assigns, agents, insurers, heirs, trustees, **and representatives, including the personal representative or executor of his or her estate**; and his/her successors, assigns, agents, insurers, **heirs**, trustees, and representatives.

*See* Exhibit B to Moffat Declaration (emphasis added). This language explicitly binds the estate and Margarette Eckstein's heirs in the same way that Margarette Eckstein would have been bound had she brought these claims herself.

In turn, the Durable Power of Attorney document clearly provides that Gene Kinsey had the authority to enter into such an Agreement. The document

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO COMPEL
ARBITRATION AND STAY PROCEEDINGS- 7
NO. CV-09-5022-LRS

119707.0016/1710218.1

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

grants him authority to make "health care decisions on the principal's behalf" as well as the authority to act "in the principal's name . . . to sign, seal, execute deliver and acknowledge . . . agreements . . . ." *See* Exhibit A to Moffat Declaration. Courts have established that an attorney-in-fact may indeed enter into arbitration agreements on a resident's behalf. *See, e.g., Garrison v. Superior Court*, 132 Cal. App. 4th 253, 266 (Cal. Ct. App. 2005) ("the decision to enter inter into optional revocable arbitration agreements in connection with placement in a health care facility, as occurred here, is a proper and 'usual exercise' of an agent's powers"); *Moffett v. Life Care Centers of America*, 187 P.3d 1140, 1145 (Colo. Ct. App. 2008) ("prohibiting a person who holds a power of attorney from executing an arbitration agreement on behalf of a patient would frustrate the very purpose of many powers of attorney"). In short, Gene Kinsey had the same authority to enter into the Agreement as Margarette Eckstein would have had herself.

Nevertheless, relying exclusively upon the opinions of Missouri and Utah state courts, construing Missouri and Utah state law, Plaintiff now argues that the Agreement cannot possibly bind the statutory beneficiaries of the wrongful death claim because they were not parties to the Agreement.[5] If such an argument were accepted, however, every arbitration agreement in the long term care context would be effectively rendered null and void when a resident dies.

---

[5] Notably, even if the Court were to adopt the reasoning found in *Lawrence v. Beverly Manor*, 273 S.W.3d 525 (Mo. 2009) and *Bybee v. Abdulla*, 189 P.3d 40, 605 (Utah 2008), these holdings only suggest that the Agreement would not apply to the wrongful death claim to the extent it is being maintained on the statutory beneficiaries' behalf. The other claims in this lawsuit, including the neglect of a vulnerable adult claim, the corporate negligence claim, and the survival claim, are claims brought on the estate's behalf, and would still be subject to the terms of the Agreement.

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO COMPEL
ARBITRATION AND STAY PROCEEDINGS- 8
NO.  CV-09-5022-LRS

119707.0016/1710218.1

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

1  Plaintiff apparently expects Defendants to acquire the signature of every
2  potential statutory beneficiary for a resident, as well as the future executor of the
3  resident's estate – even though the estate and the wrongful death claim would
4  not yet exist – when entering into an arbitration agreement. Such an approach is
5  nonsensical and inconsistent with the tenants of agency and contract law.

6  While there is no Washington case squarely on point, several courts that
7  have considered the issue have indeed held that an attorney-in-fact can bind a
8  resident's estate and any other statutory beneficiaries to require arbitration of
9  wrongful death claims. *See*, *e.g, Sanford v. Castleton Health Care Center, LLC*,
10  813 N.E.2d 411, 420 (Ind. Ct. App. 2004) (holding the estate's wrongful death
11  claim was subject to arbitration because "regardless of whether [the personal
12  representative], was privy to the contract containing the arbitration clause, the
13  Estate's survival and wrongful death claims arose out of [Defendant's] alleged
14  negligent treatment of [the resident]"); *Briarcliff Nursing Home, Inc. v. Turcotte*,
15  894 So.2d 661, 665 (Ala. 2004) (holding that the executor and administratrix of
16  an estate were bound by arbitration provisions when bringing wrongful death
17  actions against a nursing home). As explained above, to hold otherwise would
18  essentially eviscerate a long term care provider's contractual rights when
19  presented with a wrongful death claim of a resident, the very claim
20  contemplated by the Agreement.

21  E.   <u>Plaintiff Could Still Be Entitled to Attorneys' Fees in Arbitration</u>.

22  Finally, Plaintiff's argument regarding the availability of fees pursuant to
23  the vulnerable adult statute, RCW 74.34.*et seq*, is a non-issue. The Agreement
24  does not waive the parties' rights to bring any claims, including claims for
25  attorneys' fees. Plaintiff's assertion that the Agreement "tries to silently take
26  away the vulnerable adult's rights to receive attorney's fees and costs" is simply

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO COMPEL
ARBITRATION AND STAY PROCEEDINGS- 9
NO. CV-09-5022-LRS

119707.0016/1710218.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

not true. To be clear, Defendants do not and will not take the position that Plaintiff would be precluded from recovering attorneys' fees, pursuant to the provisions of RCW 74.34.200, should she prevail on that claim in arbitration. Thus, Plaintiff's argument on this issue also fails to provide a valid justification for refusing to enforce the clear terms of the Agreement.

### III.  CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court compel arbitration of the above-entitled action and stay the pending lawsuit.

DATED:  May 8, 2009

LANE POWELL PC

By /s/  Carin A. Marney
   Carin A. Marney, WSBA No. 25132
   Theodore A. Sheffield, WSBA No. 35874
Attorneys for Defendants Life Care Centers of America, Inc. and Kennewick Medical Investors LLC, d/b/a Life Care Center of Kennewick

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS- 10
NO.  CV-09-5022-LRS

119707.0016/1710218.1

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

## **CERTIFICATE OF SERVICE**

Pursuant to RCW 9.A.72.085, the undersigned certifies under penalty of perjury under the laws of the State of Washington, that on the 8th day of May, 2009, the document attached hereto was presented to the Clerk of the Court for filing and uploading to the CM/ECF system. In accordance with their ECF registration agreement and the Court's rules, the Clerk of the Court will send e-mail notification of such filing to the following:

Mr. Jeff B. Crollard
Crollard Kahn PC
200 - 2nd Avenue W
Seattle, WA 98118-4204
Email: jbc@crollardlaw.com

EXECUTED this 8th day of May 2009, at Seattle, Washington.

                          By /s/Patricia King
                          Patricia King

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS- 11
NO. CV-09-5022-LRS

119707.0016/1710218.1

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107